UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeremy J. Nichols,<br>         Plaintiff,<br><br>v.<br><br>Enlivant AID ES, LLC,<br>         Defendant. | CASE NO.: 2:22-cv-4408-BHH-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (42 U.S.C. §2000e *et seq.*) (hereinafter "Title VII") and §107(a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of religious discrimination, disability discrimination and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").

   b. A Notice of Right to Sue was received on September 8, 2022, from the EEOC.

   c. This Complaint has been filed within 90 days of receipt of the EEOC's Notice of Right to Sue.

3. The Plaintiff, Jeremy J. Nichols, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. The Defendant, Enlivant AID ES, LLC, upon information and belief, is a foreign corporation organized in the State of Delaware, operating under the laws of the State of South Carolina and doing business in Berkeley County.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 of Title VII.

7. The Defendant is also a "person" within the meaning of the ADA.

8. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

1

9. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and §101(5)(a) of the ADA (42 U.S.C. §12111(5)(A).

10. The parties, matters and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. The Plaintiff began working for the Defendant on or about February 27, 2008, as a Maintenance Technician, and was most recently employed as a Maintenance Manager.

12. The Plaintiff is a practicing Independent Baptist, and follows the rules for the religious exemptions, such as not receiving vaccines.

13. The Plaintiff also suffers from seizures whenever he receives any vaccination.

14. The Plaintiff is therefore an individual with a "disability" within the meaning of §3(2) of the ADA (42 U.S.C. §12102(2). More particularly, he has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

15. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA (42 U.S.C. §12111(8)). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job in Defendant's employment, and who requested reasonable accommodations.

16. On or about April 1, 2021, the Plaintiff provided the Defendant with a doctor's note and ADA paperwork through Sedgwick, its third-party administrator for ADA claims. The Plaintiff also emailed a Certificate of Religious Exemption for Immunizations to Defendant's HR Director, Nate McBride.

17. Despite Plaintiff providing the information to Mr. McBride and to Sedgwick, Plaintiff was informed that he would need to have the COVID-19 vaccine by June 1, 2021, or he would be terminated.

18. Because Plaintiff could not get the vaccine due to his religion and disability, Defendant terminated him on or about June 1, 2021 for "refusing to get vaccinated."

19. Plaintiff's termination was a direct and proximate result of Defendant's discrimination against the Plaintiff on the basis of his religion and disability and was also in retaliation for requesting accommodations under both Title VII and the ADA.

20. At all times relevant to this Complaint, the Plaintiff was efficient and effective in his work. He satisfactorily performed all essential and fundamental job functions and was an exemplary employee in all respects.

21. The Defendant (and its agents and employees), without just cause, refused to provide the reasonable accommodations requested by the Plaintiff due to his medical disability; and continues to refuse to employ Plaintiff, forcing him to lose pay and all of his benefits in violation of the ADA.

22. Due to the acts of Defendant, the Plaintiff is entitled to injunctive relief and/or civil damages, to include back pay, front pay and interest thereon; payment for and reinstatement of lost benefits; and attorney's fees and costs.

23. Additionally, the Defendant agreed to pay the Plaintiff an additional Forty and 00/100 Dollars ($40.00) per day, for every day that he was "on call." He was on-call 24/7/365, but never received the additional funds as agreed upon.

## FOR A FIRST CAUSE OF ACTION
### Violation of Title VII - Religious Discrimination

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. Plaintiff is a member of a protected group based on his religion and was discriminated against due to religion in violation of Title VII and the Equal Employment Opportunity Act.

26. The Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In showing preferential treatment to employees outside of Plaintiff's protected class and detrimental treatment to Plaintiff;

   b. In requiring the Plaintiff to be vaccinated, even though it is against his religion; and

   c. In other particulars which discovery may show.

27. In failing to protect the Plaintiff from religious discrimination, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII and the Equal Employment Opportunity Act.

28. The Defendant violated Title VII and the Equal Employment Opportunity Act by allowing the religious discrimination to exist in the workplace.

29. Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

30. As a direct and proximate result of the discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, loss of income, loss of benefits, loss of employment opportunities, and other past and future losses.

31. Due to the acts of the Defendant, the Plaintiff is entitled to injunctive relief and/or civil damages, to include back pay, front pay and interest thereon; payment for and reinstatement of lost benefits; and attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Title VII – Retaliation

32. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

33. The Plaintiff's request for exemption from Defendant's vaccine requirement was made in good faith and constituted protected activity under Title VII and the Equal Employment Opportunity Act.

34. Shortly after making said request, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

35. The Plaintiff's request for exemption from Defendant's vaccine requirement was a determining factor in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's request, he would not have been terminated.

36. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

37. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII.

38. Specifically, the Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

39. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII.

40. That as a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and attorney's fees and costs.

41. Because the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, he is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
**Violation of the ADA – Failure to accommodate**

42. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

43. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2).  More particularly, the Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

44. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, the Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in Defendant's employ.

45. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

46. As a result of his disability, the Plaintiff requested the reasonable accommodation of an exemption from having to get the COVID-19 vaccine.

47. The Defendant declined, without just cause, to provide that accommodation to the Plaintiff.

48. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A FOURTH CAUSE OF ACTION
**Violation of the ADA – Retaliation**

49. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

50. That as alleged above, the Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

51. The Plaintiff's exemption request was made in good faith and constituted protected activity under the ADA.

52. Shortly after requesting said accommodation, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

53. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

54. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA.

55. That as a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and attorney's fees and costs.

56. Because the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, he is entitled to recover punitive damages from the Defendant.

### FOR A FIFTH CAUSE OF ACTION
### Breach of Contract

57. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

58. During the course of Plaintiff's employment, the Defendant agreed to pay the Plaintiff Forty and 00/100 Dollars ($40.00), in addition to his standard pay rate, for every day that he was on call.

59. Despite that agreement, the Defendant never paid the Plaintiff his promised on-call wages.

60. By failing to pay the Plaintiff the agreed-upon funds, the Defendant breached the contract of employment between the Plaintiff and the Defendant.

61. That as a direct and proximate result of Defendant failing to pay the Plaintiff earned funds, he has suffered loss of income; has been deprived of contractual rights conferred by aforesaid contract; and has had to initiate a lawsuit to enforce the contract.

62. Accordingly, the Plaintiff is informed and believes that he is entitled to actual damages, punitive damages and compensatory damages in the nature of the value of his lost wages and reasonable attorney's fees and costs for the bringing of this action.

### FOR A SIXTH CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

63. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

64. The Defendant wrongfully withheld Forty and 00/100 Dollars ($40.00) for every day the Plaintiff was on call.  Therefore, the Defendant should be required to pay the Plaintiff for all wages owed to him, plus interest.

65. The Plaintiff is entitled to an award of damages against the Defendant in the amount to be determined by the trier of fact.  Also, because the damages relate to wages owed to him, the Plaintiff is entitled to treble damages plus attorney fees and costs  pursuant to the South Carolina Payment of Wages Act, S.C. Code §41-10-80 (1976), as amended.

## FOR A SEVENTH CAUSE OF ACTION
### Violation of Fair Labor Standards Act

66. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

67. While the Plaintiff was working for the Defendant, he accrued earned wages from being "on call." Many of those wages were earned during hours in excess of the standard forty-hour work week established in §207(a)(1) of the Fair Labor Standards Act of 1938 (hereinafter "FLSA").

68. Therefore, the Plaintiff is entitled to compensation of either one and one-half times his standard pay rate per hour, or the aforementioned Forty and 00/100 Dollars ($40.00) per day, whichever is more.

69. The Defendant has failed and continues to fail to pay these wages owed to the Plaintiff in violation of the FLSA.

70. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes he is entitled to an award of damages to include liquidated damages, prejudgment interest, costs, legal fees, and any other damages to which he may be entitled as determined by the trier of fact.

## REQUEST FOR RELIEF

71. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

72. Due to the acts of the Defendant, the Plaintiff has suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, plus interest, as well as payment for loss of front pay, loss of back pay, loss of other work benefits, and attorney's fees and costs.

73. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant for back pay and associated benefits he would have earned, in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for compensatory damages;

6. Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

7. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/*Julian A. Ferguson*
Julian A. Ferguson (Fed. I.D. #13044)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
December 6, 2022