UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeremy J. Nichols, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:22-cv-4408-BHH |
| v. ) | |
| ) | **ORDER** |
| Enlivant AID ES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Jeremy J. Nichols' ("Plaintiff") complaint alleging various employment-related claims against his former employer, Defendant Enlivant AID ES, LLC ("Defendant"). (ECF No. 1.) On January 20, 2023, Defendant filed a motion to dismiss, or in alternative, to compel arbitration, asserting that this suit should be dismissed because Plaintiff accepted and signed a binding arbitration agreement in connection with his employment. (ECF No. 8.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review, and on February 23, 2023, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Defendant's motion, compel arbitration, dismiss this action, and award Defendant attorneys' fees and costs. (ECF No. 12.) Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

As an initial matter, the Court notes that the Magistrate Judge's Report includes a thorough outline of the relevant background facts, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates the Magistrate Judge's background and repeats only what is necessary to evaluate Plaintiff's objections.

In his complaint, Plaintiff alleges that he is a "practicing Independent Baptist, and follows the rules for the religious exemptions, such as not receiving vaccines," and that he "suffers from seizures whenever he receives any vaccination." (ECF No. 1 at 2.) According to Plaintiff, he was terminated on or about June 1, 2021, for refusing to have the COVID-19 vaccine, and he alleges claims for religious discrimination and retaliation in violation of Title VII of the Civil Rights Act, failure to accommodate and retaliation in violation of the Americans with Disabilities Act, breach of contract, violation of the South Carolina Payment of Wages Act, and violation of the Fair Labor Standards Act.

In Defendant's motion to dismiss, or in the alternative, to compel arbitration (to which Defendant attaches a copy of the arbitration agreement ("arbitration agreement") containing Plaintiff's electronic signature), Defendant asserts that this action is subject to dismissal because Plaintiff signed a binding arbitration agreement promising to arbitrate the claims raised in this action. Plaintiff, in response, asserts that he should not be bound by the arbitration agreement because it is (1) not supported by consideration; (2) unconscionable; and (3) a contract of adhesion.

As the Magistrate Judge explained in her Report, the Federal Arbitration Act ("FAA") provides that arbitration clauses in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Furthermore, under the FAA, a district court must compel arbitration and stay court proceedings if the parties have agreed to arbitrate their dispute. *Id. §§ 2*, 3. But, if the validity of the arbitration agreement is in issue, a district court must first decide if the arbitration clause is enforceable against the parties. *Id.* § 4. "'[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

"Motions to compel arbitration in which the parties dispute the validity of the arbitration agreement are treated as motions for summary judgment." *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011). "Accordingly, arbitration should be

3

compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Erichsen v. RBC Cap. Mkts., LLC*, 883 F. Supp. 2d 562, 566-67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56). "Defendant, as the party seeking to enforce the Agreement, bears the initial burden of 'persuading this court that the parties entered into an enforceable arbitration agreement.'" *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-cv-03365-DCN, 2016 WL 4247738, at *5 (D.S.C. Aug. 11, 2016). "If defendant makes such a showing, then 'the burden shifts to the plaintiff[s] to show that even though there was some written contract, [they] did not actually agree to it-because the[ir] signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement." *Id.*

In her Report, the Magistrate Judge thoroughly evaluated each of Plaintiff's arguments, ultimately finding: (1) that the parties' arbitration agreement contains a mutual promise to arbitrate that constitutes sufficient consideration; (2) that employment and continued employment also constitute adequate consideration to support the arbitration agreement; and (3) that the arbitration agreement is not an unconscionable contract of adhesion because its terms are not unreasonably oppressive. (ECF No. 12 at 4-8.) With respect to Defendant's request for attorneys' fees and costs in connection with seeking to enforce the arbitration agreement, the Magistrate Judge reviewed the plain language of the agreement and found that the terms regarding attorneys' fees and costs would be satisfied if Defendant successfully compels arbitration. Thus, the Magistrate Judge recommends that, if the Court compels arbitration, the Court also find that Defendant is entitled to an award of attorneys' fees and costs pursuant to the agreement and order Defendant to submit an affidavit outlining the fees and costs requested.

In his objections to the Report, Plaintiff asserts that the Magistrate Judge erred (1) by determining that the arbitration agreement is not unconscionable and (2) by finding that Defendant is entitled to attorney's fees.  With respect to his first objection, Plaintiff states that "[t]he Magistrate here seemingly concedes that the Agreement is adhesive because it was offered on a 'take-it-or-leave-it' basis with non-negotiable terms." (*Id*.)  Plaintiff then argues that while he agrees with the Magistrate Judge that contracts of adhesion are not automatically unconscionable, adhesion is strong evidence of unconscionability.  (*Id*.) Plaintiff also asserts a new argument: that the terms of the arbitration agreement are oppressive because they force Plaintiff to give up his right to a jury trial, which is the touchstone of the American judicial system.  (ECF No. 13 at 2.)

Leaving aside the fact that Plaintiff's attempt to raise a new argument for the first time in his objections is improper, the Court nevertheless finds no merit to any of Plaintiff's arguments.  Not only does Plaintiff fail to cite any law in support of his arguments, but also, after *de novo* review, the Court fully agrees with the Magistrate Judge's thorough analysis regarding unconscionability and attorneys' fees.

First, the Court agrees with the Magistrate Judge that even if the arbitration agreement at issue is a contract of adhesion, it is not unconscionable because the terms are even-handed and are not unreasonably oppressive. *See Damico v. Lennar Carolinas, LLC*, 879 S.E.2d 746, 756 (S.C. 2022) ("The distinction between a contract of adhesion and unconscionability is worth emphasizing: adhesive contracts are not unconscionable in and of themselves so long as the terms are even-handed." (emphasis in original)); *see also Smith v. D.R. Horton, Inc.*, 790 S.E.2d 1, 4 (S.C. 2016).  As the Magistrate Judge properly explained, the arbitration agreement: contains a mutual obligation to arbitrate; provides for

the mutual selection of a neutral arbitrator; requires Defendant to assume responsibility of the "cost of the arbitrator and other incidental costs of arbitration that would not be incurred in a court proceeding"; and mandates that arbitration occur "in the county and state where the employee works or worked." (*See* ECF No. 8-2 at 6-7.)

Second, the Court finds no merit to Plaintiff's argument that the agreement is unconscionable because it requires Plaintiff to give up his right to a jury trial. It is worth noting that the agreement requires both Plaintiff and Defendant to relinquish their rights to a jury trial, so the term is not unreasonably oppressive in that regard. Additionally, courts have consistently held that "'the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate.'" *Sydnor v. Conseco Fin. Servs. Corp.*, 252 F.3d 302, 307 (4th Cir. 2001) (quoting *Pierson v. Dean, Witter, Reynolds, Inc.*, 742 F.2d 334, 339 (7th Cir. 1984)). Thus, the Court overrules Plaintiff's first objection and finds that Plaintiff's voluntary waiver of his right to a jury trial does not render the arbitration agreement unconscionable.

As to Plaintiff's second objection–that the Magistrate Judge erred in recommending that the Court award Defendant attorneys' fees and costs–Plaintiff argues that the Magistrate Judge failed to consider that "Plaintiff only sought a fair adjudication of her [sic] case." (ECF No. 13 at 2.) Plaintiff further argues that he "should not be penalized for merely defending or prosecuting a lawsuit," and that "the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel." (*Id.*) *Fleishmann v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967).

After *de novo* review, the Court is not persuaded by Plaintiff's arguments. Here,

6

Plaintiff entered into a valid arbitration agreement with Defendant, yet Plaintiff chose to file this action instead of pursuing resolution through arbitration.  More importantly perhaps, after Plaintiff filed this action, Defendant specifically notified Plaintiff a couple of times of the existence of the arbitration agreement and informed Plaintiff it would seek fees and costs in connection with seeking to compel arbitration.  (*See* ECF Nos. 8-3 at 1 and 8-4.)  Nevertheless, Plaintiff still chose to continue to pursue this action, apparently based simply on Plaintiff's counsel's firm "policy."  (ECF No. 8-4.)  As explained by the Magistrate Judge, however, the parties' agreement contains the following provision, which is clear and straightforward:

> If either party files a lawsuit against the other in a court . . . instead of requesting arbitration of the dispute, the party seeking to enforce this Policy may serve the suit-filing party with written notice of this Policy.  Upon such notice, the suit-filing party will have five (5) days from the date of service (not extended for any time period, regardless of the manner of service) to personally serve a writing on the party seeking to enforce the Policy, agreeing to arbitrate the dispute.  If the suit-filing party does not timely serve his/her/their agreement to arbitrate and the party seeking to enforce this Policy successfully compels the suit-filing party to arbitration, the party seeking to enforce this Policy shall be entitled to reasonable attorney's fees and court fees and costs it incurred in enforcing same.

(ECF No. 8-2 at 6.)  And after *de novo* review, the Court agrees with the Magistrate Judge that the terms of the parties' agreement regarding attorneys' fees and costs are satisfied.  Thus, the Court overrules Plaintiff's second objection and finds that Defendant is entitled to an award of reasonable attorneys' fees and costs that it incurred in enforcing the parties' arbitration agreement.

## **CONCLUSION**

Based on the foregoing, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 12); the Court overrules Plaintiff's objections (ECF No. 13); the

Court grants Defendant's motion (ECF No. 8), thereby compelling the parties' to arbitrate and dismissing this action without prejudice; and the Court finds that Defendant is entitled to reasonable attorneys' fees and costs and instructs Defendant's counsel to submit an affidavit supporting the requested fees and costs within ten days of this order being filed.

    **IT IS SO ORDERED.**

                                                      /s/ Bruce Howe Hendricks
                                                      United States District Judge

July 13, 2023
Charleston, South Carolina